UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

KRISTIE PETREA, individually and on behalf of all others similarly situated,

Plaintiffs,

v.                                                                  Case No. 3:22-cv-00415-JAG

MIDNIGHT EXPRESS AUTO RECOVERY, INC.,
STACEY WILLETTE, and
TONY WILLETTE,

Defendants.

**MEMORANDUM IN SUPPORT OF JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT**

Plaintiff Kristie Petrea and Defendants Midnight Express Auto Recovery, Inc., Stacey Willette, and Tony Willette (collectively "Parties") jointly move the Court for an order approving the agreement between the Parties to resolve this case and dismissing Plaintiff's Complaint with prejudice. A true and accurate copy of Plaintiff's proposed Settlement Agreement is attached hereto as Exhibit 1. For the following reasons, the settlement is fair and equitable, and properly considers the risks and uncertainties the parties would face should the case not settle.

**I.      INTRODUCTION**

In this case, which involves Fair Labor Standards Act ("FLSA") and Virginia Overtime Wage Act ("VOWA") claims, Plaintiff and Defendants jointly request that the Court enter an Order approving the settlement reached between the Parties in resolution of a bona fide dispute regarding Plaintiff's entitlement to damages under the FLSA and related state wage laws, Defendants' denial

of the same, and dismissing Plaintiff's claims with prejudice while maintaining jurisdiction to enforce the terms of the settlement agreement. The parties have negotiated a settlement in this action, and they have agreed to resolve the disputed factual and legal issues on the terms set forth in the Settlement Agreement.

The parties seek Court approval of their Settlement Agreement because claims under the FLSA and VOWA, like those settled and released by Plaintiff in the Settlement Agreement, may not be waived without Department of Labor or court approval. 29 U.S.C. § 216(b) and (c); *Taylor v. Progress Energy, Inc.*, 415 F.3d 364, 371 (4th Cir. 2005) ("The rights guaranteed by the FLSA cannot be waived or settled without prior DOL or court approval."); *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) (accord). Upon examination of the Settlement Agreement ("Settlement Agreement"), the Court will find that the Settlement Agreement is fair and should be approved. The Settlement Agreement reflects reasonable compromises of issues actually in dispute, the settlement was reached in an adversarial context in which all Parties were represented by competent and experienced counsel, and the totality of the proposed settlements are fair and reasonable.

## II. **PROCEDURAL HISTORY**

On June 2, 2022, Plaintiff filed this action, seeking to recover alleged unpaid overtime wages, liquidated or triple damages, and attorneys' fees pursuant to the Fair Labor Standards Act and Virginia Overtime Wage Act, as well as damages for misclassification and wrongful termination. (DN 1.) Plaintiff prepared and pleaded the case as a putative collective action under the FLSA and VOWA. (Id.) Shortly after initial briefing on a Rule 12(b) motion, Defendants' counsel contacted Plaintiff's counsel and the Parties initiated settlement discussions. Plaintiff subsequently filed a Motion for Conditional Collective Action Certification, Judicial Notice, and

Equitable Tolling, which remains pending. The parties agreed to extend Defendants' deadlines to respond to that motion while they explored settlement. The Parties subsequently continued discussions and exchanged informal discovery in an attempt to negotiate a settlement.

The Parties exchanged time and pay information, and damages calculation information, which incorporated the necessary wage and time information, as well as text messages, job search records, and other information to apprise themselves of the full scope of available facts and to thereby engage in full and complete settlement discussions regarding the allegations.

On or about November 24, 2022, the Parties reached verbal agreement as to the resolution of Plaintiff's claims. These terms were subsequently memorialized in writing. The Parties drafted and agreed to the terms contained in the attached Settlement Agreement, which has been executed by all Parties. The Parties now file a Joint Motion to Approve Settlement Agreement, which is accompanied by a Proposed Order and this Memorandum of Law in Support of the Motion.

**III.     THE PARTIES' LITIGATION POSITIONS AND PERTINENT SETTLEMENT TERMS**

Plaintiff Kristie Petrea alleges she was employed by Defendants as a Case Worker from approximately March 2010 to June 2018 and July 2019 through April 15, 2022. She claims that she and other office workers, paid on an hourly basis, were misclassified as independent contractors, and consequently were denied overtime pay to which they were entitled under the FLSA and VOWA when they worked in excess of 40 hours in a week. Plaintiff further alleged she routinely worked in excess of 40 hours per week. Plaintiff further alleged that she was terminated in violation of the common law, Virginia Code § 40.1-27.3, and the FLSA for reporting to her supervisor that she was misclassified and for refusing to sign an independent contractor agreement. Plaintiff further brought a statutory misclassification claim under Virginia law.

Plaintiff filed the case as a putative collective action with respect to the above overtime practices and related alleged employee misclassification under the FLSA and VOWA. However, the Parties reached a settlement agreement as to Plaintiff's claims without other plaintiffs having joined the case. Thus, the Parties agree that settlement of Plaintiff's claims resolves the case.

Defendants filed a motion to dismiss one of the wrongful termination claims, which remains pending. Defendants were expected to deny Plaintiff's allegations. Defendants asserted that Plaintiff was properly classified as an independent contractor, therefore making her not entitled to overtime pay under the FLSA and VOWA.

Plaintiff also sought liquidated damages under the FLSA and triple damages under the VOWA in the complaint. Plaintiff also sought equitable tolling on her FLSA claims, going back to the beginning of her employment in March 2010, on the basis that Defendants failed to post the required notice of FLSA rights.

Defendants argued that Plaintiff was not entitled to liquidated damages under the FLSA or triple damages under VOWA. Defendants asserted that they always acted reasonably and in good faith, and with reasonable grounds to believe that their actions did not violate the FLSA or VOWA. Defendants further asserted that at no time did they "knowingly fail[]" to pay overtime owed, Va. Code § 40.1-29(J)&(K) (2021), and therefore that triple damages were not available under VOWA. Defendants further asserted that even if Plaintiff was an "employee," which they denied, Plaintiff was not entitled to the roughly 11 years of tolling because she had notice of her FLSA rights from required postings.

According to the Plaintiff's damages model, based on Plaintiff's pay and time records showing overtime hours worked, if Plaintiff prevailed on her overtime claim and the jury found

Plaintiff was owed overtime wages, Plaintiff would receive approximately $4,370.61 in unpaid overtime wages covering the three-year period preceding the termination of her employment.

Plaintiff would have been entitled to liquidated (double) damages under the FLSA unless Defendants proved that the alleged violations were in good faith. *See* 29 U.S.C. § 260. Under the VOWA, if Plaintiff had proven that Defendants "knowingly failed" to pay overtime owed, she would have been entitled to triple damages instead of double damages for the one-year period in 2021-2022 that the VOWA existed, as well as interest. *See* Va. Code §§ 40.1-29.2 (2021); 40.1-29(J)&(K) (2021).[1] In addition, had Plaintiff prevailed she would have been entitled to reasonable costs and attorney fees. 29 U.S.C § 216(b); Va. Code §§ 40.1-29(J) (2021). Thus, according to Plaintiff's damages model, on Plaintiff's best day at trial under the FLSA and VOWA, the total amount owed to Plaintiff for unpaid wages and liquidated / triple damages and interest under the FLSA and VOWA for the three-year period preceding the termination of her employment would equal approximately $11,222.46 ($4,370.61 unpaid overtime + $6,360.96 in liquidated and triple damages + $490.89 interest).

According to Plaintiff's damages model, if Plaintiff had prevailed on her equitable tolling claim, she would have been entitled to approximately $35,988.11 in unpaid overtime for the roughly 11-year period going back to the beginning of her employment 2010. On her best day at trial under that theory, she would also have received an equal amount as liquidated damages under the FLSA plus one-year triple damages and interest under VOWA, discussed above.

If, alternatively, a jury agreed with Defendants, Plaintiff would have no damages, and would have to pay the costs of an unsuccessful litigation, making her worse off financially than if she had not filed suit.

---

[1] The citations to Va. Code §§ 40.1-29.2 (2021) and 40.1-29(J)&(K) (2021) are to those laws as they existed during Plaintiffs' employment.

5

During the course of informal discovery and settlement discussions, Plaintiff produced to Defendants her damages model, Defendants produced time and pay records, Plaintiff amended her damages model, and the Parties discussed the facts and law bearing on whether liquidated damages, triple damages, and/or equitable tolling would be available should Plaintiff prevail on her overtime claims.

The Parties recognize the risks to both sides presented by continued litigation and decided to control the outcome of the case by entering into the Settlement Agreement. The Parties also recognize that, in addition to the uncertainty of continued litigation in this matter, the expenses attendant to further litigation and trial would be significant for all Parties involved.

Under the Settlement Agreement, Defendants will pay the gross settlement amount specified in the Settlement Agreement, which is inclusive of attorneys' fees and costs. The Settlement Agreement is broken down into different payments allocating the total payment between (1) wages, (2) liquidated / non-wage damages, and (3) attorneys' fees and costs. The Settlement Agreement further allocates part of the gross settlement amount to a release of the termination, misclassification, and any other potential employment claims. In addition to the gross settlement amount, the Settlement Agreement provides for the payment of payroll taxes by Defendant for payments it made in the past three years. The settlement reached by the Parties calls for a release of the FLSA, VOWA, and other employment claims, and payment to Plaintiff of the gross settlement amount which is inclusive of attorneys' fees and expenses of litigation.

## IV.     THE COURT SHOULD APPROVE THE SETTLEMENT AGREEMENT

The Court should approve the Settlement Agreement because the settlement is the product of contested litigation, the parties are represented by competent and experienced counsel, and the

Settlement Agreement reflects a reasonable compromise over disputed issues. The Settlement Agreement's provisions are fair and reasonable in light of the disputed issues.

As the Court noted in *LaFleur v. Dollar Tree Stores, Inc.,* "[i]in determining whether a settlement is 'fair, adequate, and reasonable' there is a 'strong presumption in favor of finding a settlement fair' that must be kept in mind in considering the various factors to be reviewed." 189 F. Supp. 3d 588, 593 (E.D. Va. 2016) (internal citations omitted). When evaluating whether to approve a settlement agreement, the Court may consider the following factors:

(1) the extent of discovery that has taken place;

(2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation;

(3) the absence of fraud or collusion in the settlement;

(4) the experience of counsel who have represented the Plaintiff;

(5) the probability of Plaintiff's success on the merits and

(6) the amount of the settlement in relation to the potential recovery.

*Id.*

The Parties reached this settlement after engaging in informal discovery of damages calculations, based on necessary time and payroll records, as well as copies of the applicable provisions of the VOWA, to allow them to engage in full and complete settlement discussions regarding the allegations. Had the matter proceeded to the trial, the Parties anticipate that these materials would have been central to the case. By settling this matter before engaging in extensive formal discovery, the Parties saved the significant expense of protracted ESI discovery. While Plaintiff believed she had a reasonable probability of success on the merits, based on her evidence and anticipated testimony, Defendants believed that they had a reasonable probability of success on the merits as well, based on their evidence and defenses.

The total amount of the settlement is $85,000, plus an additional payment by Defendant MEAR to appropriate tax authorities of $12,756.10 in payroll taxes on payments previously made to Plaintiff for services rendered in 2020-2022. Thus, the total value of the settlement is $97,756.10. After deduction of attorney fees, the total amount of the settlement going to Plaintiff is $46,424, plus the payroll tax payments discussed above. The amount of the settlement going to Plaintiff that is allocated for overtime wages ($4,371) and liquidated / triple damages plus interest under VOWA ($6,852), using Plaintiff's amended damages model and a three-year damages lookback period, is 100% of her best potential recovery on the FLSA and VOWA overtime wage and liquidated / triple damages / interest claims ($4,371 + $6,852 = $11,223), assuming she prevailed on all FLSA and VOWA issues except for equitable tolling: misclassification, time worked, and good faith / liquidated damages, plus proven that Defendants "knowing failed" to pay her overtime owed under VOWA.

If Plaintiff had also prevailed on her equitable tolling claim, she would potentially have been able to recover overtime wages and liquidated damages for her full employment going back to March 2010. The $11,223 allocation to the overtime claims in the Settlement Agreement is approximately of 31% the total amount of unpaid overtime ($35,988) and 15% of the total amount ($74,457) of unpaid overtime ($35,988), liquidated damages ($35,988), and VOWA triple damages plus interest ($2,481) under Plaintiff's damages model for the roughly 11-year period going back to 2010.

The settlement payment to Plaintiff greatly exceeds the outcome ($0, minus litigation costs) she would have received on her overtime claims had Defendants prevailed on the misclassification issue.

The Settlement Agreement (Exhibit 1) allocates Plaintiff's $46,424 payment into $4,371 for alleged unpaid overtime wages with all proper withholdings; $6,852 for alleged liquidated and triple damages on the overtime claims; $18,841 for any alleged unpaid wages owing to her termination and any other wages claims with all proper withholdings; and $16,360.00 for alleged emotional distress any other alleged non-wage damages. Plaintiff's total payment is divided into $23,212 in wages and $23,212 in non-wages, consistent with 29 U.S.C. § 216(b), Va. Code §§ 40.1-29(J) (2021), and employment claims generally.

The Settlement Agreement provides for attorney's fees and costs in the total amount of $38,576, of which $576 is attributable to costs. As of the filing of this brief, Plaintiff's counsel has expended more than 117 hours in preparing, litigating, briefing, resolving this case. Plaintiff's counsel anticipates that his reasonable hourly rate in this case would be $425, based on his current rate charged to hourly clients. The fee amount provided by this settlement therefore represents a significant discount on counsel's fees on an hourly basis to date ($49,725) and offers an even greater discount below what could have been awarded on a fees motion had the case been litigated and resulted in an adjudicated judgment for Plaintiff.

A thorough review of the Settlement Agreement will reveal that the settlement is fair, adequate, and reasonable. Plaintiff was represented by counsel experienced in FLSA litigation who protected the rights of his client during the negotiations. The settlement reflects a reasonable compromise regarding bona fide disputes between the parties regarding the questions of liability and the amount of alleged damages under the FLSA and VOWA. The settlement was the result of arms-length negotiations spanning several weeks.

Further, the Parties both agree that the settlement is fair, just, and adequate to settle Plaintiff's claims.  The endorsement of the Settlement Agreement by counsel for both Parties is a

"factor that weighs in favor of approval" of an FLSA settlement agreement because "counsel for each side possess[es] the unique ability to assess the potential risks and rewards of litigation." *Quintanella v. A&R Demolition, Inc.*, No. 04-cv-1965, 2008 U.S. Dist. LEXIS 37449, at * 14 (S.D. Tex. May 7, 2008). Here, Plaintiff's counsel is fully aware of the factual contentions of the Parties and is in the best position to opine as to whether this settlement produces fair results for Plaintiff after consideration of risks. Plaintiff made an educated decision to agree to the terms of her settlement. Plaintiff and Plaintiff's counsel have concluded that a settlement with Defendants on the terms set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Plaintiff.

## V. CONCLUSION

For these reasons, the Parties respectfully request that this Court approve the proposed Settlement Agreement in this matter, attached as Exhibit 1. The Parties further respectfully request that, should the Court approve the Settlement Agreement, it also enter an order dismissing this action with prejudice, while maintaining jurisdiction to enforce the terms of the Settlement Agreement.

Dated: December 15, 2022

**Respectfully submitted,**

**KRISTIE PETREA**

/s/Timothy Coffield
Timothy Coffield (VSB 83430)
Coffield PLC
106-F Melbourne Park Circle
Charlottesville, VA 22901
tc@coffieldlaw.com
Counsel for Plaintiff

**MIDNIGHT EXPRESS AUTO RECOVERY, INC., STACEY WILLETTE, and TONY WILLETTE**

By: /s/Shaun M. Bennett
Kristina H. Vaquera (VSB No. 43655)
Shaun M. Bennett (VSB No. 93391)
JACKSON LEWIS P.C.
500 E. Main Street, Suite 800
Norfolk, Virginia 23510
Telephone:	(757) 648-1445
Facsimile:	(757) 648-1418
kristina.vaquera@jacksonlewis.com
shaun.bennett@jacksonlewis.com
Counsel for Defendants


**CERTIFICATE OF SERVICE**

    I hereby certify that on December 15, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.


/s/Timothy Coffield
Counsel for Plaintiff